IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK HEGNEY**, | : | CIVIL ACTION NO. 1:07-CV-0271 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **KAREN HOGSTEN, Warden, FCI Allenwood**, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Frederick Hegney ("Hegney"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. (Doc. 1.) Hegney raises two distinct issues in his petition. He first asserts that the Bureau of Prisons ("BOP") erroneously computed his sentence by denying him prior custody credit. Second, he contends that the United States Parole Commission ("Commission") abused its discretion when it relied on certain conduct in calculating his Salient Factor Score ("SFS") and severity rating. For the reasons discussed below, the petition will be denied.

**I.     Background**

    **A.     Sentence Computation**

According to an Operations Manager at the Bureau of Prisons Designation and Sentence Computation Center, Hegney was arrested by the Federal Bureau of Investigations on September 5, 1986. (Doc. 5-2, Declaration of Robin Barnes

("Barnes Declaration"), at 4, ¶ 5.)  Thereafter, he was charged in the United States District Court for the Southern District of Florida with possession of firearms by a convicted felon in violation of 18 U.S.C. § 1202(a)(1), *inter alia*.  (Id.)  Following a jury verdict of guilty on the possession of firearms charge, he was sentenced to a two-year term of imprisonment.  (Doc. 5-2 at 8.)  Pursuant to 18 U.S.C. § 3568, prior custody credit for the period of September 5, 1986, through October 29, 1987, was applied to the two-year term.  (Doc. 5-2 at 4, ¶ 6.)  With the calculation of statutory good time, this sentence expired on April 13, 1988.  (Id.)

Although the two-year sentence expired on April 13, 1988, Hegney remained in federal custody as a result of additional federal charges filed in the United States District Court for the Southern District of Florida.  (Id. at 5, ¶ 7.)  Specifically, he was charged with RICO in violation of 18 U.S.C. § 1962(c), conspiracy to commit RICO in violation of  18 U.S.C. § 1962(d), and three counts of distribution of a quantity of cocaine in violation of 18 U.S.C. § 841(a)(1).  On October 31, 1989, following a jury trial that resulted in a finding of guilt on all five counts, he was sentenced to two consecutive twenty-year terms of imprisonment on  RICO and conspiracy charges, a ten-year consecutive term of imprisonment on the first cocaine count, and two fifteen-year terms of imprisonment on the remaining cocaine counts, each of which were to run concurrent to the other sentences imposed.  (Doc. 5-2 at 10.)  This resulted in an aggregate sentence of fifty years imprisonment.  (Doc. 5-2 at 5, ¶ 7.)  Pursuant to 18 U.S.C. § 3568, prior custody credit for the period of April 13, 1988 through October 30, 1989, was applied to the

fifty-year term. (Doc. 5-2 at 5, ¶ 8.) With the application of statutory good time, his projected mandatory release date is March 5, 2017. (Id.)

### B.     Salient Factor Score and Severity Rating

The Commission held an initial parole hearing on September 29, 1998, and after reviewing documentation that indicated that Hegney participated in a quadruple homicide while a member in the "Outlaws Motorcycle Club" (a motorcycle club that participates in organized criminal activities), Hegney was assigned an SFS of three with a severity rating of eight.[1] This resulted in a parole guideline range of 180+ months. The hearing examiner found that consideration for parole was not warranted and recommended that Hegney be scheduled for a fifteen-year reconsideration hearing in the year 2013. A Notice of Action was issued on October 20, 1998. (Doc. 1 at 19.) Hegney timely appealed the decision to the

---

[1] Specifically, the Commission considered the following conduct detailed in the Presentence Investigation Report:

> In February 1983 Hegney participated in a quadruple homicide. . . . The evidence. . . as corroborated by ballistics and a dying declaration of a victim, established that the following events took place. "Smitty" entered the bedroom where "Grizzly" and Penny Reid were asleep. "Smitty" threw a pair of handcuffs at "Grizzly" and instructed him to put the handcuffs on and that "he knew what this was for." When "Grizzly" refused, "Smitty" shot and killed him. "Smitty" then turned the gun on Penny Reid, shooting her. She feigned death and heard "Smitty" inform someone in the next room to shoot the rest. Hegney proceeded to murder David Bostic and Thomas Young and "Smitty" emerged from the bedroom and murdered Wendy James. . . . Hegney fled the area within 24 hours after the murders and avoided the state charges on homicide by hiding out with the help of his outlaw brothers.

(Doc. 7 at 23-24.)

National Appeals Board ("Board").  On March 5, 1999, the Board affirmed the decision.

On August 17, 2005, a statutory interim hearing was held.  Hegney's SFS and offense severity rating remained the same.  (Doc. 5-2 at 25.)  The hearing examiner recommended no change in the fifteen-year reconsideration hearing of September 2013.  A Notice of Action was filed on September 2, 2005, informing Hegney that there was "[n]o change in 15-year reconsideration date September 2013" and that he was scheduled for a statutory interim hearing in August 2007.  (Doc. 5-2 at 27.)  He was also advised that the decision was appealable and that any appeal must be filed within thirty days of the date the Notice of Action was sent.  (Id.)  Hegney did not file an administrative appeal of the decision.  Instead, he filed the instant petition on February 12, 2007.  (Doc. 1.)  The matter has been fully briefed and is ripe for disposition.

### III.  Discussion

28 U.S.C. § 2241 provides district courts with authority to order the release of prisoners from unconstitutional conditions of confinement.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 758-60 (3d Cir. 1996).  Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See id. at 760; see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. United States Parole Comm'n,

648 F.2d 196, 199 (3d Cir. 1981)).  Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors.  Garcia v. Gonzalez, Civ. No. 3:07-CV-0047, 2007 WL 438747, at *1 (M.D. Pa. Feb. 6, 2007) (citing Moscato, 98 F.3d at 761-62).  Exhaustion of administrative remedies, however, is not required where exhaustion would not promote these goals.[2]

   A.   **Sentence Computation**

Hegney contends that the BOP improperly computed his fifty-year sentence on RICO, conspiracy and cocaine charges and is seeking credit for the time period of September 5, 1986 through October 31, 1989.  Respondent has not challenged Hegney's exhaustion of his administrative remedies on this claim; therefore, the court will address the merits.

The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

---

[2]Exhaustion is not required where a prisoner demonstrates futility, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998), where delay would subject the prisoner to irreparable injury, Carling v. Peters, Civ. No. 00-CV-2958, 2000 WL 1022959 at *2 (E.D. Pa. July 10, 2000), or where the issue presented by the prisoner involves only statutory construction, Bradshaw v. Carlson, 682 F.2d 1050, 1052-53 (3d Cir. 1981).

18 U.S.C. § 3568, which governs the calculation of federal sentences imposed for crimes committed prior to November 1, 1987, as is the case here, provides that the sentence shall commence in the following manner:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. . . . No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (1982) (repealed effective Nov. 1, 1987, by Pub. L. No. 98-473, tit. II, §§ 212(a)(2), 235(a)(1), 98 Stat. 1987, 2031 (1984), as amended by Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) and Pub. L. No. 100-182, § 2, 101 Stat. 1266 (1987); amended, and reenacted in part as 18 U.S.C. § 3585 effective Nov. 1, 1987, by the same legislation.) The case law interpreting § 3568 has clearly established that a federal sentence cannot begin to run until a prisoner has been received by the federal authorities for service of the federal sentence. See Chambers, 920 F. Supp. at 621. Hegney's aggregated fifty-year term of imprisonment on RICO, conspiracy and cocaine charges commenced on October 31, 1989, the date he was sentenced and received at the federal institution for service of the sentence.

The BOP was then required to give credit toward service of this sentence for any time spent in custody in connection with the offense or acts for which the sentence was imposed. Providing guidance for application of credit is BOP Program Statement 5880.30, which states that "[p]resentence time credit shall not be given for any time spent serving another sentence, either federal or

non-federal. . . ." (Doc. 5-2, pp. 12-13.)  Hegney initially came into federal custody on September 5, 1986, as a result of unrelated firearms charges.  On October 30, 1987, he was sentenced in federal court to a two-year term of imprisonment on those charges.  He was provided with prior jail credit for the time period of September 5, 1986 through October 29, 1987.  He was also afforded statutory good time credit.  This resulted in an April 13, 1988 expiration date.  It was not until that sentence expired on April 13, 1988, that he came into custody on RICO, conspiracy and cocaine charges.  The BOP correctly determined that Hegney was entitled to credit from April 13, 1988, the date he was released from the two-year term of imprisonment and came into custody on RICO, conspiracy and cocaine charges, through October 30, 1989, the day before he was sentenced on those federal charges.  Hegney's claim that he is entitled to credit from September 5, 1986 through October 31, 1989, is without merit.   Respondent has submitted uncontradicted evidence which demonstrates that the BOP properly calculated the sentence under 18 U.S.C. § 3568, BOP policy, and applicable case law.  Hegney is not entitled to the relief that he seeks.

### B.    Salient Factor Score and Severity Rating

Hegney argues that the Commission violated his due process rights and his Sixth Amendment right to jury trial by considering his involvement in the quadruple homicide when calculating his SFS and severity rating.  Respondent takes the position that Hegney failed to exhaust his administrative remedies.  The court agrees.  As noted above, a  prisoner challenging a Commission decision is

7

required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.  Moscato, 98 F.3d 757.  Hegney failed to exhaust his administrative remedies with respect to the most recent Commission decision in that he failed to appeal to the Board.  His contention that his prior appeal to the Board is sufficient to satisfy exhaustion is without merit. (Doc. 11 at 2.)  By failing to exhaust the latest determination rendered at his statutory interim hearing, which was handed down more than five years after he appealed his initial parole hearing determination to the Board, Hegney deprived the Commission of the opportunity to develop a factual record, apply its expertise, and correct error, if any.

Because he may not return to the Board and raise this claim now ( see 28 C.F.R. § 2.26(a)(2), (d)), he has procedurally defaulted the claim and review by this court is barred absent a showing of cause and actual prejudice to excuse the default.  Moscato, 98 F.3d at 761-62.  "The courts enforce the cause and prejudice rule in part to conserve judicial resources by requiring state or federal prisoners who seek habeas relief to present their claims to the venue initially available. . . .  By applying the cause and prejudice rule to habeas review of administrative proceedings, we insure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief." Id. at 761 (internal quotations and citations omitted).  He has not shown cause, *i.e.*, some objective factor external to him that impeded his efforts to raise his claim with the Board.  See Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000).  Because he has not shown cause, the court need not address the question of actual prejudice.  Moscato, 95 F.3d

at 762. Hegney's failure to exhaust his administrative remedies bars him from seeking review in this court with respect to the August 17, 2005 Commission decision.[3] Id.

## IV. Conclusion

For the foregoing reasons, the court will deny Hegney's petition for writ of habeas corpus. An appropriate order will issue.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:      January 31, 2008

---

[3] Even if Hegney had exhausted his administrative remedies, he would not be entitled to relief. The function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the Commission abused its discretion. Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000). The applicable standard "'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.'" Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)). The court is not empowered to substitute its judgment for that of the Commission in evaluating a habeas petitioner's claims, unless the Commission's exercise of discretion represents an egregious departure from rational decision-making. Furnari, 218 F.3d at 254. Based on review of the record, which includes information extracted from the Presentence Investigation Report, it is clear that there was a rational basis for the Commission's finding regarding the SFS and severity rating.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK HEGNEY,** | : CIVIL ACTION NO. 1:07-CV-0271 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **KAREN HOGSTEN, Warden, FCI Allenwood,** | : |
| **Respondent** | : |

AND NOW, this 31st day of January, 2008, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge